IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JASON W. BRADWELL,          :
                            :
          Plaintiff,        :
                            :
vs.                         :    CIVIL ACTION 09-0710-KD-M
                            :
MICHAEL HAYLEY, et al.,     :
                            :
          Defendants.       :


REPORT AND RECOMMENDATION


     Plaintiff, an Alabama prison inmate proceeding pro se, filed
a complaint under 42 U.S.C. § 1983 with a Motion for Leave to
Proceed In Forma Pauperis. (Docs. 1, 2).  This action was
referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B)
and Local Rule 72.2, and is before the Court for Plaintiff's
failure to prosecute and to comply with the Court's Order.

     On November 4, 2009, Plaintiff was ordered to complete and
file this Court's current forms for a complaint under 42 U.S.C. §
1983 and for a motion to proceed without prepayment of fees by
December 3, 2009 (Doc. 3).  Plaintiff was warned that his failure
to comply with the Order within the prescribed time would result
in the dismissal of his action for failure to prosecute and to
obey the Court's Order.  The Order was mailed to Plaintiff at
Kilby Correctional Facility, P. O. Box 150, Mt. Meigs, Alabama
36057, his last known address.  The Court's Order dated November
4, 2009, has not been returned to the Court, nor has the Court,

to date, heard from Plaintiff since this Order was entered.  The
Court finds that Plaintiff has abandoned prosecution of this
action.

Due to Plaintiff's failure to comply with the Court's Order
and to prosecute this action, and upon consideration of the
alternatives that are available to the Court, it is recommended
that this action be dismissed without prejudice pursuant to Rule
41(b) of the Federal Rules of Civil Procedure for failure to
prosecute and to obey the Court's Order, as no other lesser
sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630,
82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734, 738 (1962) (interpreting
Rule 41(b) not to restrict the court's inherent authority to
dismiss sua sponte an action for lack of prosecution); World
Thrust Films, Inc. v. International Family Entertainment, Inc.,
41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane
Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v.
Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709
F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc.,
501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that
federal courts' inherent power to manage their own proceedings
authorized the imposition of attorney's fees and related expenses
as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536,
1545-46 (11th Cir.)(finding that the court's inherent power to
manage actions before it permitted the imposition of fines),

2

<u>cert. denied</u>, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140

(1993).

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the clerk
of court.   Failure to do so will bar a <u>de novo</u> determination by
the district judge of anything in the recommendation and will bar
an attack, on appeal, of the factual findings of the magistrate
judge.   <u>See</u> 28 U.S.C. § 636(b)(1)(C); <u>Lewis v. Smith</u>, 855 F.2d
736, 738 (11th Cir. 1988); <u>Nettles v. Wainwright</u>, 677 F.2d 404
(5th Cir. Unit B, 1982)(<u>en banc</u>).   The procedure for challenging
the findings and recommendations of the magistrate judge is set
out in more detail in SD ALA LR 72.4 (June 1, 1997), which
provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within fourteen days after being served
> with a copy of the recommendation, unless a different
> time is established by order.   The statement of
> objection shall specify those portions of the
> recommendation to which objection is made and the basis
> for the objection.   The objecting party shall submit to
> the district judge, at the time of filing the
> objection, a brief setting forth the party's arguments
> that the magistrate judge's recommendation should be
> reviewed <u>de novo</u> and a different disposition made.   It
> is insufficient to submit only a copy of the original
> brief submitted to the magistrate judge, although a
> copy of the original brief may be submitted or referred
> to and incorporated into the brief in support of the
> objection.   Failure to submit a brief in support of the
> objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the
magistrate judge finds that the tapes and original records in
this action are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.

     DONE this 8th day of December, 2009.


                         s/BERT W. MILLING, JR.
                         UNITED STATES MAGISTRATE JUDGE